# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE NORTHERN DIVISION AT KNOXVILLE

CLIFFORD WHITE, JR., Administrator of )
the Estate of BETTY JEAN WHITE, )
Deceased and MARGURITE WHITE )
and CLIFFORD WHITE, JR. individually , )
)
        Plaintiffs, )
)
vs. ) No. _____
) JURY DEMANDED
SUAREZ CORPORATION INDUSTRIES, )
SCI DIRECT LLC, SUAREZ )
MANUFACTURING INDUSTRIES, )
EDENPURE, BIOTECH RESEARCH )
PATRIOT ENTERPRISES of OHIO LLC, )
and LT ENTERPRISES, LLC )
)
        Defendants )
_____ )

## COMPLAINT

Plaintiffs bring this products liability action for property damage and the wrongful death of his sister, Betty Jean White on September 17, 2014 as a result a fire in her residence caused by a defective and unreasonably dangerous EdenPURE® portable heater designed, manufactured, marketed, advertized, promoted, sold, distributed and introduced into the stream of commerce by the Defendants and would respectfully show as follows:

## JURISDICTION AND VENUE

1. Federal subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1132, in that there is complete diversity among the Plaintiffs and Defendants and the matters in controversy exceeds the sum of seventy five thousand dollars ($75,000.00) exclusive of interest

1

and costs.

## PARTIES

2. Prior to her death, Betty Jean White was a citizen and resident of Knox County, Tennessee, residing at 1121 Webster Grove Lane, in Knoxville, Knox County, Tennessee.

3. Plaintiff Clifford White, Jr. is the Administrator of the Estate of his sister, Betty J. White and is authorized to bring this action on behalf of the decedent, Betty Jean White pursuant to the provisions of T.C.A. § 20-5-106.

4. Plaintiff, Margurite White, is a citizen and resident of Blount County, Tennessee and is the mother and she and her son Clifford White, Jr. are the next of kin and lawful heirs of the decedent Betty J. White and beneficiaries of her estate.

5. Each of the Defendants are foreign corporations or business entities doing business in the State of Tennessee, and are subject to suit and service of process pursuant to the provisions of T.C.A. § 20-2-201 et. seq.

6. None of the Defendants have a registered agent for service of process in the State of Tennessee and process may therefore be served upon the secretary of the State of Tennessee.

7. The Defendant Suarez Corporation Industries (sometimes referred to as SCI) is a Ohio Corporation for profit with its corporate headquarters located at 7800 Whipple Avenue N.W., North Canton, Ohio 44720. Upon information belief each of the other Defendants are members, division, subsidiaries and or affiliates of SCI.

8. The Defendant SCI Direct, LLC is a limited liability company existing under the laws of the State of Ohio, located at 7800 Whipple Avenue N.W., North Canton, Ohio 44720.

9. The Defendant Suarez Manufacturing Industries (sometimes referred to as SMI) is a

manufacturing and assembly facility and division of the Defendant Defendant Suarez Corporation Industries, located at 7800 Whipple Avenue N.W., North Canton, Ohio 44720 and upon information and belief is a trade name utilized by the Defendants Suarez Corporation Industries and SCI Direct, LLC.

10. The Defendant EdenPure is a division of Suarez Corporation Industries located at 7800 Whipple Avenue N.W., North Canton, Ohio 44720 and upon information and belief is the trade name for the EdenPURE® heater that was manufactured and sold by the Defendants to Plaintiff's decedent, Betty Jean White.

11. The Defendant Biotech Research is a division of Suarez Corporation Industries and fictitious name utilized by SCI Direct, LLC and upon information and belief was responsible for direct marketing and consumer sales of the EdenPURE® portable heater which is the subject of this litigation. Biotech industries may be served through SCI Direct, LLC at 7800 Whipple Avenue N.W., North Canton, Ohio 44720.

12. The Defendant, Patriot Enterprises of Ohio LLC is a limited liability company existing under the laws of the State of Ohio located at 1033 Applegrove Street, NW, North Canton, Ohio 44720.

13. The Defendant LT Enterprises is a limited liability company existing under the laws of the State of Ohio located at 334 Orchard Avenue NE, North Canton, Ohio 44720.

14. Upon information and belief Suarez Corporation Industries (SCI) partnered with the Defendants Patriot Enterprises LLC and LT Enterprises to manufacture the EdenPURE® heater which is the subject of this litigation.

**FACTS**

3

15. At all times material hereto, the Defendants were engaged in the business of placing household products into the stream of commerce, by designing, manufacturing, testing, marketing, advertizing, promoting, packaging, labeling, selling and distributing such products, including the EdenPURE® heater which is the subject of this litigation.

16. Upon information and belief at all times material hereto, Suarez Corporation Industries, by and through its Board of Directors and executive committee was responsible for the operations and allocation of resources and oversaw and coordinated the activities of its various divisions and affiliates, and provided a network of manufacturing sites, manufacturers, marketing and distribution centers and supply chain organization for its EdenPURE® heater to reach the consumer.

17. The Defendants designed, manufactured, advertised, promoted, marketed, sold, and/or introduced and distributed the EdenPURE® heater into the stream of commerce and distributed the heater throughout the world and the United States, including the State of Tennessee.

18. On or prior to May 16, 2011, the Defendant Biotech Research, solicited Plaintiffs' decedent, Betty Jean White, and offered her a monetary incentive to purchase its EdenPURE® heater.

19. Ms. White purchased the heater and issued a check on May 16, 2011 payable to Biotech Research which check was deposited into the account of Suarez Corporation Industries.

20. At all times material hereto, the Defendants by and through their Biotech Research Division and their celebrity representative advertized, represented and warranted that the EdenPURE® heater was "designed and updated with the latest technology, safety and comfort

4

features", and "would not start a fire". The Defendants represented that the EdenPURE® heater was "totally" and "absolutely" safe to use and that their "tests prove[d] that the unit [would] not transmit any energy into the atmosphere that will burn or harm anyone"

21. The EdenPURE® portable heater was not safe and did in fact cause a fire in the home of the decedent, Betty J. White resulting in significant property damage and causing and/or contributing to Ms. White's death.

22. On September 17, 2014, fire and smoke consumed and destroyed the interior of Ms. White's residence located at 1121 Webster Grove Lane, in Knoxville, Knox County, Tennessee, where she was found dead in her kitchen floor with second and third degree burns to 96 percent of her body surface and a piece of melted foam cushion in her hand.

23. Inspection of the premises and the heater confirmed that an accidental fire death had occurred and that the fire had originated within the EdenPURE® heater.

24. Further destructive testing of the heater performed by engineers and representatives of both the Plaintiffs and Defendants confirmed that the fire had originated in the heater and that there were inadequate mechanisms within the heater to prevent or minimize the risk of the resultant fire.

25. Inspection of the scene and testing of the heater ruled out other potential causes for the fire, including residential wiring, alteration or improper use.

26. Plaintiffs' decedent did nothing to contribute to the cause of the fire.

27. Prior to May 16, 2011, the Defendants were aware of complaints and safety concerns of overheating and melting of its EdenPURE® heater and recall of the heaters by one retailer.

28. Plaintiff's decedent, Betty Jean White was not aware or informed of these complaints

5

and safety concerns.

29. Upon information and belief, prior to May 16, 2011 the Defendants made a conscious decision not to recall its product or inform consumers, including Ms. White of complaints and safety concerns of their EdenPURE® heater and in fact actively solicited Ms. White to purchase the heater, misrepresenting the safety of the heater to her.

## COUNT I - NEGLIGENCE

30. Plaintiffs incorporate by reference the allegations contained in paragraphs 1- 29 above.

31. At all times material hereto the Defendants, their agents and employees had the duty to take reasonable precautions to prevent or minimize the foreseeable risks to consumers of its EdenPURE heater, including Betty Jean White.

32. Upon information and belief, each of the Defendants, their agents, servants and or employees, negligently, recklessly, and in willful disregard for the safety of the Plaintiffs' decedent, Betty Jean White, failed to take reasonable precautions to prevent or minimize the foreseeable risks of harm to her from the heater.

33. Defendants had a duty to consumers, including Betty Jean White, to exercise reasonable and ordinary care in the design, manufacturing, testing, labeling, packaging, marketing, advertizing, warning, sale and distribution of its EdenPURE® heater into the stream of commerce.

34. The Defendants negligently failed to exercise reasonable care by failing to manufacture, design, adequately test, inspect, label, package, market, advertize, warn, sell and distribute their product, the EdenPURE® heater, that was safe and durable for its intended use.

35. The Defendants negligently designed, manufactured, fabricated, assembled produced, tested, sold, marketed, advertised, sold and distributed the EdenPURE® heater, including the EdenPURE® heater purchased by the decedent, Betty White.

36. The Defendants negligently placed their EdenPURE® on the market and introduced the same into the stream of commerce without confirming that the heater was safe for its intended use.

37. The Defendants negligently failed to conduct adequate testing or analysis to confirm the safety of its EdenPURE® heater.

38. The Defendants negligently failed to market the device with proper warnings and instructions.

39. Defendants were under a continuing duty to disclose the true quality and safety of their EdenPURE® heater and timely warn consumers, including Betty Jean White, of the risks and dangers associated with use of the heater.

40. Upon information and belief, prior to May 2011, the Defendants had received a number of adverse reports and complaints of overheating and melting of their EdenPURE® heater and recall of the heaters by retailers.

41. Despite this knowledge, the Defendants continued to sell and distribute the defective heater, guaranteeing that it was "totally" and "absolutely" safe and "would not start a fire".

42. The Defendants negligently and intentionally failed to provide timely post marketing warnings after becoming aware of the adverse reports and complaints and instead continued to promote and distribute the heater.

43. The Defendants negligently and intentionally continued to misrepresent the quality

7

and safety of the heater to consumers, including Ms. White.

### COUNT II - PRODUCTS LIABILITY / STRICT LIABILITY

44. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-43 above.

45. The EdenPURE® heater sold to Plaintiff decedent, Betty Jean White was unreasonably dangerous and in a defective condition as those terms are defined by the Tennessee Products Liability Act, T.C.A. § 29-28-101, et. seq.

46. The EdenPURE® heater sold to Plaintiff's decedent, Betty Jean White, was in a defective condition and unreasonably dangerous at the time it left the control of the Defendants.

47. The unreasonably dangerous and defective condition of the EdenPURE® heater was not apparent to Ms. White and had not been altered, changed, improperly maintained or subjected to abnormal use by Ms. White.

48. The Defendants failed to properly and adequately warn and instruct Ms. White as to the safety risks of the EdenPURE® heater

49. The Defendants are strictly liable to the Plaintiffs for design, manufacturing, assembling, testing, producing, selling, and distributing an unreasonably dangerous and defective product pursuant to the Tennessee Products Liability Act, T.C.A. §29-28-101 et seq., which proximately caused the property damage and death of Ms. White.

### COUNT III - BREACH OF WARRANTIES

50. Plaintiffs incorporate by reference the allegations contained in paragraphs 1- 49 above.

51. The EdenPURE® heater was not reasonably fit for the ordinary purposes for which it was intended and used.

52. Defendants are liable for breach of warranties under Tennessee law, including but not limited to violation of the warranties under T.C.A. §§ 47-2-313, 47-2-314 and 47-2-315.

### COUNT IV - COMMON LAW FRAUD AND INTENTIONAL MISREPRESENTATION

53. Plaintiffs incorporate by reference the allegations contained in paragraphs 1- 52 above.

54. The Defendants falsely and fraudulently represented that the EdenPURE® heater was "designed with the latest technology, safety and comfort features", and "would not start a fire'.

55. The Defendants falsely and fraudulently represented that the EdenPURE® heater was totally and "absolutely " safe to use and that their "tests prove[d] that the unit [would] not transmit any energy into the atmosphere that will burn or harm anyone"

56. The representations made by the Defendant were, in fact, false.

57. The Defendants knew and/or had reason to know that those representations were false, and willfully, wantonly and recklessly disregarded the inaccuracies in their representations of the risks and dangers to consumers and users of the EdenPURE® heater.

58. These representations were made by the Defendants with the intent of defrauding, deceiving and soliciting Plaintiffs' decedent and other consumers to purchase the EdenPURE® heater, all of which evinced a callous, reckless, willful and deprave indifference to the health, safety and welfare of consumers including Plaintiff's decedent, Betty Jean White

### COUNT IV - UNFAIR AND DECEPTIVE ACTS / VIOLATION OF CONSUMER PROTECTION LAW

9
Case 3:15-cv-00411-TAV-HBG   Document 1   Filed 09/15/15   Page 9 of 12   PageID #: 9

59. Plaintiffs incorporate by reference the allegations contained in paragraphs 1- 58 above.

60. The Defendants engaged in unfair and deceptive acts and practices and made deceptive representations and are liable to the Plaintiffs pursuant to the provisions of the Tennessee Consumer Protection Act, T.C.A. §47-18-101, et seq.

## COUNT IV - GROSS NEGLIGENCE AND RECKLESS AND/OR INTENTIONAL DISREGARD, MISREPRESENTATION AND CONCEALMENT

61. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-60 above.

62. The Defendants acted in reckless and conscious disregard of the substantial risks of injury imposed by its EdenPURE® heater and acted in gross deviation from the standard of care that an ordinary reasonable person, manufacturer, seller and distributor would use under the same or similar circumstances.

63. The Defendants negligently, recklessly and intentionally failed to provide accurate information and warnings regarding the safety of its EdenPURE® heater.

64. The Defendants recklessly and or intentionally misrepresented the safety of the EdenPURE® heater to Ms. White and in fact concealed information from her of the risks and dangers of their EdenPURE® heater.

65. The Defendants recklessly and intentionally misrepresented and failed to timely notify, warn and disclose the risks of injury to consumers, including Ms. White.

66. The Defendants negligently, recklessly and intentionally breached their warranties, both expressed and implied, including warranties of fitness for a particular purpose.

67. As a direct and proximate result of the Defendants' negligence, breech of warranties,

fraud, unfair and deceptive practices, and reckless and intentional disregard, misrepresentation and concealment of the risks posed by their EdenPURE® heater, the Plaintiff's decedent sustained severe, painful injuries resulting in her untimely and horrific death and sustained significant damage to and loss of use of her residential property.

Betty Jean White's family lost their loved one, suffered mental anguish and emotional distress, has been deprived and will continue to be deprived of the society, services and consortium of their daughter and sister, lost time from work and home, loss of enjoyment of life and incurred funeral, administrative, and litigation fees and expenses.

**WHEREFORE,** Plaintiffs seek compensation for property damages and injuries and wrongful death of Betty Jean White in an amount of One Million Eight Hundred Thousand Dollars. ($1,800,000.00) and treble damages under the Tennessee Consumer protection law for Defendants unfair and deceptive acts and misrepresentations

Plaintiffs further seek punitive damages from the Defendants' in the amount of Five Million ($5,000,000.00) for their international and reckless acts, fraud and misrepresentations, and conscious disregard for Ms. White's health and safety and the safety of her property and for all other relief to which they may be entitled.

Plaintiffs requests a jury be empaneled to try the issues.

Submitted this 15th day of September, 2015.

**CATHY H. MORTON, BPR # 010240**
**NICHOLSON & MORTON**
609 Smithview Drive
P.O. Box 4397
Maryville, Tennessee 37802-4397
Phone: 865-983-3400
Fax: 865-980-5589
E-mail: mortonca@bellsouth.net

BY: /s Cathy H. Morton

Cathy H. Morton<br>Attorney for Plaintiffs

Cost Bond

We acknowledge ourselves sureties in this cause for costs not to exceed $500.00.

NICHOLSON & MORTON

BY:  /s Cathy H. Morton